**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

GLOBAL INTERACTIVE MEDIA, INC.,

        Plaintiff,

    v.

ON TV TONIGHT PTY LTD.,

        Defendant.

Civil Action No. _____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Global Interactive Media, Inc. ("GIM") brings this patent-infringement action against Defendant On TV Tonight Pty Ltd. ("OTT"), and alleges as follows:

**Parties**

1.      GIM is a Belizian corporation having its principal place of business at 84 Albert Street, Belize City, Belize.

2.      OTT is an Australian corporation with its principal place of business at 1 Gillies Avenue, Haberfield New South Wales 2045, Australia. At all times relevant to the instant lawsuit, Defendant owned and operated an online television programming guide known as "On TV Tonight" that was accessible at https://www.ontvtonight.com. Defendant directed its programming guide at multiple cities in the United States, including New York City.

**Jurisdiction and Venue**

3.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Because OTT is an Australian company not resident in the U.S., this Court has personal jurisdiction over OTT under 28 U.S.C. § 1391(c)(3).

6.     OTT is subject to this Court's general and specific personal jurisdiction because it has sufficient minimum contacts within the State of New York and this District, pursuant to due process and the New York long-arm statute, because OTT purposefully availed itself of the privileges of conducting business in the State of New York and in this District, because OTT regularly conducts and solicits business within the State of New York and within this District, and because GIM's causes of action arise directly from OTT's business contacts and other activities in the State of New York and in this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

### The Asserted Patents

8.     GIM asserts U.S. Patent Nos. 7,574,721 (the "'721 Patent"), 8,032,907 (the "'907 Patent"), and 6,314,577 (the "'577 Patent") (collectively, the "Asserted Patents") in this action. The Asserted Patents each claim methods and/or systems of tracking broadcasts and providing program information on demand to customers who may wish to make purchasing decisions based on the program information. The inventions claimed in the Asserted Patents represent uses of technology that were neither well-understood, routine, or conventional as of the time of the inventions. Prior to the inventions claimed in the Asserted Patents, for example, consumers listening to a radio broadcast may have heard a song they liked and wished to purchase, but unless the station identified the song, the listeners had no ready way to obtain information about the song such as the title or artist. With the inventions claimed by the Asserted Patents, listeners not only are able to obtain that information, they are also able to purchase songs directly, an option that was not available to them until after the inventions of the Asserted Patents. The technology claimed in

the Asserted Patents has become widespread to the point of ubiquity.

**Count 1 – Infringement of U.S. Patent No. 7,574,721**

9.      GIM owns the '721 Patent (attached as Exhibit A).

10.     Defendant infringed at least claim 1 of the '721 patent by identifying television broadcast providers based in response to a user's submission of a geographic identifier such as a zip code as follows:

a.      Claim 1 recites "A method for identifying at least one broadcast provider through a combination of a geographic identification code and a broadcast identifier." (Ex. A at col. 17, ll. 44-46). During the relevant time period, OTT's programming guide identified local broadcast providers by zip code (a "geographic identification code") and station call letters (a "broadcast identifier").

b.      Claim 1 recites "digitally storing, in a database, one or more geographic identification codes that are each associated with at least one area or location in which a broadcast is receivable from at least one broadcast provider . . . ." (Ex. A at col. 17, ll. 47-50). During the relevant time period, OTT's programming guide stored multiple zip codes that were each associated with the cities serviced by the website.

c.      Claim 1 further recites "digitally storing, in the database, one or more broadcast identifiers that are each associated with at least one broadcast provider ...." (Ex. A at col. 17, ll. 51-53). During the relevant time period, OTT's programming guide stored multiple station call letters that were each associated with a broadcast provider.

d.      Claim 1 further recites "receiving at least one user related geographic identification code ...." (Ex. A at col. 17, ll. 54-55). During the relevant time period, OTT's programming guide received zip codes inputted by users.

e.      Claim 1 further recites "receiving at least one user related broadcast identifier, wherein the received at least one user related broadcast identifier is not required to by itself identify a broadcast provider ...." (Ex. A at col. 17, ll. 56-59). During the relevant time period, OTT's programming guide received a user related broadcast identifier when the user selects a category of a television program for which she wished to identify a broadcast provider.

f.      Claim 1 involves "determining, by a processor, a subset of data from the database using the received at least one user related geographic identification code, the subset of data comprising at least one of the stored one or more broadcast identifiers that are associated with at least one of the stored one or more geographic identification codes that corresponds to the received at least one user related geographic identification code[.]" (Ex. A at col. 17, ll. 60-67). OTT's programming guide determined by processor, using the user's ZIP code, a subset of data comprising stored broadcast identifiers (*e.g.*, Starz) associated with broadcast television programs broadcast by the broadcasters within the user's service area.

## Count 2 – Infringement of U.S. Patent No. 8,032,907

11.     GIM owns United States Patent 8,032,907 (the "'907 patent") (attached as Exhibit B).

12.     Defendant infringed at least one of the 90 methods and systems claimed in the '907 patent by providing the programming guide.

13.     For example, and for illustration of one of the 90 claims of the '907 patent that GIM alleges that the programming guide infringed, the guide infringed claim 18 of the '907 patent as follows:

g.      Claim 18 claims a "method for providing recipients of a broadcast with automated information about program material, the method comprising: broadcasting program material in at

least one broadcast[.]" (Ex. B at col. 19, ll. 13-16). At all times relevant to the instant lawsuit, OTT's programming guide provided information about program material that is broadcast by television stations in New York City.

    h.    Claim 18 is a method of "receiving one or more user inquiries from one or more recipients of said at least one broadcast, said one or more inquiries including broadcast identifier information . . . ." (Ex. B at col. 19, ll. 17-19). At all times relevant to the instant lawsuit, a user of OTT's programming guide could inquire regarding the programs being broadcast in New York City.

    i.    The method of claim 18 involves "creating a program description file comprising program information related to program material to be broadcast in the future[.]" (Ex. B at col. 19, ll. 20-22). OTT's programming guide, prior to the broadcast of programs, created files describing the programs to be broadcast.

    j.    Next, claim 18 involves "communicating the program information into a programmed data processor[.]" (Ex. B at col. 19, ll. 23-24). A user of OTT's programming guide was able to learn the name and description of a program being broadcast because OTT had a programmed data processor into which the program description file was loaded.

    k.    Claim 18 involves "synchronizing said communicated program information with said program material of said at least one broadcast[.]" (Ex. B at col. 19, ll. 25-26). OTT's programming guide synchronized the description of a program with the broadcast of that program.

    l.    Claim 18 involves "using said data programmed data processor to communicate, to the one or more recipients, program information that corresponds to the broadcast identifier information included in said one or more inquiries, wherein at least one of the program description file, the program information, and the synchronized program information is associated with the

broadcast identifier information." (Ex. B at col. 19, ll. 28-35). OTT's programming guide communicated the program information to the consumer.

**Count 3 – Infringement of U.S. Patent No. 6,314,577**

14.    GIM owns United States Patent 6,314,577 (the "'577 patent") (attached as Exhibit C).

15.    OTT infringed at least one of the 130 methods and systems claimed in the '577 patent by providing the programming guide.

16.    For example, and for illustration of one of the 130 claims of the '577 patent that GIM alleges the programming guide infringed, the guide infringed claim 94 of the '577 patent as follows:

a.    Claim 94 is a "method for providing listeners or viewers of a radio or television broadcast with automated information about program material, comprising the steps of: broadcasting at least one radio or television broadcast[.]" (Ex. C at col. 23, ll. 15-18). At all times relevant to the instant lawsuit, OTT's programming guide provided information about program material that is broadcast by television stations in New York City.

b.    Claim 94 involves "receiving user inquiries from a listener or viewer of said radio or television broadcast[.]" (Ex. C at col. 23, ll. 19-20). At all times relevant to the instant lawsuit, a user of OTT's programming guide could inquire regarding the programs being broadcast in New York City.

c.    Claim 94 involves "creating a program description file[.]" (Ex. C at col. 23, l. 21). OTT's programming guide, prior to the broadcast of programs, created files describing the programs to be broadcast.

d.    The method of claim 94 involves "communicating program list information into a

programmed data processor[.]" (Ex. C at col. 23, ll. 22-23). A user of the programming guide was able to learn the name and description of a program being broadcast because OTT had a programmed data processor into which the program description file was loaded.

e.     Claim 94 involves "correlating said program descriptions of program material with said program list information and generating information in a database responsive to only a broadcast identifier[.]" (Ex. C at col. 23, ll. 24-27). OTT correlated the description of a program with the broadcast of that program.

f.     Claim 94 involves "using said programmed data processor to communicate said program description file responsive to said user inquiry." (Ex. C at col. 23, ll. 28-30). OTT's programming guide communicated the program information to the consumer.

## Demand for Jury Trial

GIM demands a trial by jury on all matters and issues triable by jury.

## Prayer for Relief

WHEREFORE, GIM prays for the following relief against OTT:

(a)     Judgment that OTT has directly infringed claims of the Asserted Patents;

(b)     For a reasonable royalty;

(c)     For pre-judgment interest and post-judgment interest at the maximum rate allowed

by law; and

(d)     For such other and further relief as the Court may deem just and proper.

Dated:  October 27, 2020                    Respectfully Submitted,
                                            */s/ Joshua E. Abraham*
                                            Joshua E. Abraham
                                            BUTZEL LONG, PC
                                            477 Madison Avenue, Suite 1230
                                            New York, NY 10022
                                            Tel: (212) 374-5370

                                            Thomas G. Southard (*pro hac vice* pending)
                                            Brian S. Seal (*pro hac vice* pending)
                                            BUTZEL LONG, PC
                                            1909 K. St., N.W., Suite 500
                                            Washington, D.C. 20006
                                            Tel: (202) 454-2800

                                            *Attorneys for Plaintiff*