# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GLOBAL INTERACTIVE MEDIA, INC.,** | |
| Plaintiff, | Case No. 1:20-cv-08994-JPC |
| v. | Patent Case |
| **ON TV TONIGHT PTY. LTD.,** | Jury Trial Demanded |
| Defendant. | |

## DEFENDANT ON TV TONIGHT PTY. LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant On TV Tonight Pty. Ltd. ("On TV") hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Global Interactive Media, Inc.'s ("Plaintiff's") Complaint for Patent Infringement ("Complaint"). On TV denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### PARTIES

1. On TV is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. On TV admits that it is a corporation organized and existing under the laws of Australia and that it maintains a principal place of business at 1 Gillies Avenue, Haberfield New South Wales 2045, Australia. On TV admits that it owns and operates an online television listings guide known as "On TV Tonight" accessible at https://www.ontvtonight.com. On TV admits that

---

[1] To avoid doubt, On TV denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

On TV's listings guide is available online in multiple cities in the United States, including New York City. On TV denies any remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. On TV admits that the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code §§ 101 *et seq.*, but On TV denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. On TV denies any remaining allegations in Paragraph 3 of the Complaint.

4. On TV admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but On TV denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. On TV denies any remaining allegations in Paragraph 4 of the Complaint.

5. On TV admits that it does not reside in the United States and does not contest whether this District has specific personal jurisdiction over it in this case. On TV denies any remaining allegations in Paragraph 5 of the Complaint.

6. On TV admits that it has conducted business in this District and does not contest whether this District has specific personal jurisdiction over it in this case, but On TV denies it has committed or is committing acts of infringement in this District or anywhere else. On TV denies any remaining allegations in Paragraph 6 of the Complaint.

7. On TV does not contest that venue may be proper in this District in this case under 28 U.S.C. § 1391(c)(3), but denies that venue is convenient as to On TV in this case. On TV denies any remaining allegations in Paragraph 7 of the Complaint.

## THE ASSERTED PATENTS

8. On TV admits that Plaintiff appears to be asserting U.S. Patent Nos. 7,574,721 (the "'721 Patent"); 8,032,907 (the "'907 Patent"); and 6,314,577 (the "'577 Patent") (collectively, the

"Asserted Patents") in this action. On TV denies any remaining allegations in Paragraph 8 of the Complaint.

### COUNT 1 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7, 574, 721

9. On TV admits that a purported copy of the '721 Patent is attached to the Complaint as Exhibit A. On TV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. On TV denies the allegations in Paragraph 10 of the Complaint.

    a. On TV admits that the '721 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 10(a) of the Complaint.

    b. On TV admits that the '721 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 10(b) of the Complaint.

    c. On TV admits that the '721 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 10(c) of the Complaint.

    d. On TV admits that the '721 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 10(d) of the Complaint.

    e. On TV admits that the '721 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 10(e) of the Complaint.

f. On TV admits that the '721 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 10(f) of the Complaint.

### COUNT 2- [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,032,907

11. On TV admits that a purported copy of the '907 Patent is attached to the Complaint as Exhibit B. On TV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. On TV denies the allegations in Paragraph 12 of the Complaint.

13. On TV denies the allegations in Paragraph 13 of the Complaint.

g. On TV admits that the '907 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 13(g) of the Complaint.

h. On TV admits that the '907 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 13(h) of the Complaint.

i. On TV admits that the '907 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 13(i) of the Complaint.

j. On TV admits that the '907 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 13(j) of the Complaint.

k. On TV admits that the '907 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 13(k) of the Complaint.

l. On TV admits that the '907 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 13(l) of the Complaint.

**COUNT 3- [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,314,577**

14. On TV admits that a purported copy of the '577 Patent is attached to the Complaint as Exhibit C. On TV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15. On TV denies the allegations in Paragraph 15 of the Complaint.

16. On TV denies the allegations in Paragraph 16 of the Complaint.

a. On TV admits that the '577 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 16(a) of the Complaint.

b. On TV admits that the '577 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 16(b) of the Complaint.

c. On TV admits that the '577 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 16(c) of the Complaint.

d. On TV admits that the '577 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 16(d) of the Complaint.

e. On TV admits that the '577 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 16(e) of the Complaint.

f. On TV admits that the '577 Patent speaks for itself, but denies any characterizations inconsistent therewith. On TV denies any remaining allegations in Paragraph 16(f) of the Complaint.

## DEMAND FOR JURY TRIAL

On TV is not required to provide a response to Plaintiff's demand for a jury trial.

## PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, On TV denies that Plaintiff is entitled to any judgment against On TV and/or an order granting relief in any of the forms requested in parts (a)–(d).

## AFFIRMATIVE DEFENSES

On TV's Affirmative Defenses are listed below. On TV reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

On TV has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of U.S. Patent Nos. 7,574,721 (the "'721 Patent"); 8,032,907 (the "'907 Patent"); and 6,314,577 (the "'577 Patent") (collectively, the "Asserted Patents").

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff, any predecessors in interest, or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that On TV's actions allegedly infringe the Asserted Patents, On TV is not liable to Plaintiff for the acts alleged to have been performed before On TV received actual notice that it was allegedly infringing the Asserted Patents.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's attempted enforcement of the Asserted Patents against On TV is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by On TV.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that On TV infringes, either directly or indirectly, under any theory of infringement, any valid and enforceable claim of the Asserted Patents.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

**EIGHTH AFFIRMATIVE DEFENSE**

Should On TV be found to infringe any valid, enforceable claim of the Asserted Patents, such infringement was not willful.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff is barred from recovering damages under 35 U.S.C. § 286 for alleged infringement of the Asserted Patents occurring more than six years prior to the filing of the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because each claim of the '721 Patent is invalid under the judicial doctrine barring double-patenting, in view of, for example the '907 Patent and/or the '577 Patent.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patent-eligible subject matter under 35 U.S.C. § 101.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff has not stated a plausible allegation that Plaintiff may recover from On TV for any conduct during the term of the Asserted Patents that subjects On TV to liability for patent infringement under 35 U.S.C. § 271.

## ON TV'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Global Interactive Media, Inc. ("Counterclaim Defendant"), Counterclaim Plaintiff On TV Tonight Pty. Ltd. ("On TV") alleges as follows:

## PARTIES

1. On TV is a corporation organized and existing under the laws of Australia and it maintains a principal place of business at 1 Gillies Avenue, Haberfield New South Wales 2045, Australia.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a Belizean corporation having its principal place of business at 84 Albert Street, Belize City, Belize.

## JURISDICTION

3. On TV incorporates by reference Paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6. Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. § 1391(c)(3).

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. On TV incorporates by reference Paragraphs 1–6 above.

8. Based on Counterclaim Defendant's filing of this action and at least On TV's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether On TV infringes U.S. Patent Nos. 7,574,721 (the "'721 Patent"); 8,032,907 (the "'907 Patent"); and/or 6,314,577 (the "'577 Patent") (collectively, the "Asserted Patents").

### A. Non-infringement of the '721 Patent

9. On TV does not infringe at least Claim 1 of the '721 Patent because, *inter alia*, On TV's accused "programming guide" does not perform the steps of: (1) "digitally storing, in a database, one or more geographic identification codes that are each associated with at least one area or location in which a broadcast is receivable from at least one broadcast provider," (2) "receiving at least one user related broadcast identifier, wherein the received at least one user related broadcast identifier is not required to by itself identify a broadcast provider," or (3) "identifying, by the processor, at least one broadcast provider using at least both the subset of data and the received at least one user related broadcast identifier, wherein the identifying of the at least one broadcast provider does not require identifying only a closest proximity broadcast provider based on the received at least one user related geographic identification code."

### B. Non-infringement of the '907 Patent

10. On TV does not infringe at least Claim 18 of the '907 Patent because, *inter alia*, On TV's accused "programming guide" does not perform the steps of: (1) "synchronizing said communicated program information with said program material of said at least one broadcast," (2) "using said programmed data processor to communicate, to the one or more recipients, program information that corresponds to the broadcast identifier information included in said one or more inquiries," or (3) "wherein at least one of the program description file, the program information, and the synchronized program information is associated with the broadcast identifier information."

### C. Non-infringement of the '577 Patent

11. On TV does not infringe at least Claim 94 of the '577 Patent because, *inter alia*, On TV's accused "programming guide" does not perform the steps of: (1) "receiving user inquiries from a listener or viewer of said radio or television broadcast," (2) "creating a program description file," or (3) "correlating said program descriptions of program material with said program list information and generating information in a database responsive to only broadcast identifiers."

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, On TV requests a declaration by the Court that On TV has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the Asserted Patents.

## COUNT II
## DECLARATION REGARDING INVALIDITY

13. On TV incorporates by reference Paragraphs 1–12 above.

14. Based on the filing of this action and at least On TV's Second and Tenth Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

### A. Invalidity of the '721 Patent

15. The claims of the '721 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 9,484,078; 7,006,881;7,398,541; and/or Korean Patent No. 100,389,070.

16. The claims of the '721 Patent are invalid because it fails to claim eligible subject matter.

17. Furthermore, each claim of the '721 Patent is invalid pursuant to the judicial doctrine barring double-patenting, in view of, for example the '907 Patent and/or the '577 Patent.

### B. Invalidity of the '907 Patent

18. The claims of the '907 Patent are anticipated and/or rendered obvious by, *inter alia*,

11

U.S. Patent Nos. 7,448,063; 7,398,541; 7,844,985; 5,703,795; and/or 8,260,113.

19. The claims of the '907 Patent are invalid because it fails to claim eligible subject matter.

### C. Invalidity of the '577 Patent

20. The claims of the '577 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 7,448,063; 7,398,541; 7,844,985; 5,703,795; and/or 8,260,113.

21. The claims of the '577 Patent are invalid because it fails to claim eligible subject matter.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, On TV requests a declaration by the Court that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, On TV asks this Court to enter judgment in On TV's favor and against Counterclaim Defendant by granting the following relief:

   a) a declaration that On TV does not infringe any valid claim of the '721 Patent that may be enforceable;

   b) a declaration that On TV does not infringe any valid claim of the '907 Patent that may be enforceable;

   c) a declaration that On TV does not infringe any valid claim of the '577 Patent that may be enforceable;

   d) a declaration that '721 Patent is invalid;

   e) a declaration that the '907 Patent is invalid;

f)   a declaration that the '577 Patent is invalid;

g)   a declaration that Counterclaim Defendant take nothing by its Complaint;

h)   judgment against Counterclaim Defendant and in favor of On TV;

i)   dismissal of the Complaint with prejudice;

j)   a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to On TV of its costs and attorneys' fees incurred in this action; and

k)   further relief as the Court may deem just and proper.

## JURY DEMAND

On TV hereby demands trial by jury on all issues.

Dated: November 30, 2020          FISH & RICHARDSON P.C.

By: */s/ Excylyn J. Hardin-Smith*
Excylyn J. Hardin-Smith (EHS7780)
hardin-smith@fr.com
7 Times Square, 20th Floor
New York, New York 10036
Tel: (212) 763-5070
Fax: (212) 258-2291

Neil J. McNabnay (*pro hac vice forthcoming*)
mcnabnay@fr.com
Texas Bar No. 24002583
David B. Conrad (*pro hac vice forthcoming*)
conrad@fr.com
Texas Bar No. 24049042
Collin J. Marshall (*pro hac vice forthcoming*)
cmarshall@fr.com
Texas Bar No. 24109509
Sarika N. Patel, *pro hac vice* to be filed
patel@fr.com
Texas Bar No. 24073520

1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

**ATTORNEYS FOR DEFENDANT ON TV TONIGHT PTY. LTD.**