

Fish & Richardson P.C.
7 Times Square, 20th Floor
New York, NY 10036

212 765 5070 main
212 258 2291 fax

**Excylyn J. Hardin-Smith**
Associate
hardin-smith@fr.com
212 641 2239 direct

November 30, 2020

**Via ECF and Email**

Honorable John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

Re:   *Global Interactive Media, Inc. v. On TV Tonight Pty. Ltd.,* Case No. 1:20-cv-08994-JPC

Dear Judge Cronan:

Under Rule 6(A) of the Court's Individual Rules and Practices in Civil Cases, Defendant On TV Tonight Pty. Ltd. respectfully requests this Court hold a pre-motion conference for On TV's Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) for failure to state a claim. On TV will address two bases for granting judgment on the pleadings in its motion. First, On TV cannot be liable for alleged infringement of the three expired patents asserted by Plaintiff Global Interactive Media, Inc., ("GIM") in this lawsuit because (a) On TV did not exist until after the patents expired, and (b) GIM is time-barred from recovering damages on its expired patents under 35 U.S.C. § 286. Second, the claims of the asserted patents are invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter. On TV intends to request that the Court enter judgment on the pleadings to avoid wasting judicial and party resources litigating expired and invalid patents.

**I.   FACTUAL BACKGROUND**

GIM filed this lawsuit on October 27, 2020, accusing On TV of infringing U.S. Patent Nos. 7,574,721; 8,032,907; and 6,314,577 (the "Asserted Patents"). (Dkt. No. 1 ("Complaint") at ¶¶ 8, 10, 13, 15.) GIM accuses On TV of infringing Claim 1 of the '721 Patent, Claim 18 of the '907 Patent, and Claim 94 of the '577 Patent. (*Id.*) The Asserted Patents are related and have the same specification. (*Id.* at Exs. A–C.) GIM alleges that its patents were infringed merely because On TV Tonight's website provides a list of TV networks available in the user's zip code. (*Id.* at ¶¶ 10, 13, 16.)

**II.   ON TV IS NOT LIABLE FOR INFRINGEMENT**

Each of the Asserted Patents claims priority to U.S. Appl. No. 08/329,837, filed October 27, 1994. This priority claim limits the Asserted Patents' terms to 20 years from the '837 Application's October 27, 1994 filing date. *See* 35 U.S.C. § 154(a)(2) (limiting patent terms to 20 years from the patent's earliest effective filing date). The '907 and '577 Patents, accordingly, expired on October 27, 2014. (Complaint at Exs. B, C.) The '721 Patent reflects a patent term adjustment of 511 days and therefore expired no later than March 21, 2016. (*Id.* at Ex. A.)



### A. On TV formed after the Asserted Patents expired.

On TV formed as a business entity after the Asserted Patents expired. Public records show On TV formed as an entity through filing with the Australian Securities and Investments Commission on November 28, 2016. GIM does not and cannot allege that On TV had any business operations before this date. Because the Asserted Patents had expired by the time On TV came into existence, On TV cannot be liable for any infringement of the Asserted Patents.

### B. GIM is time-barred from collecting damages.

A patentee cannot recover damages for any alleged patent infringement occurring more than six years before filing of its suit. 35 U.S.C. § 286. A patent expires at the first moment of the day of expiration—i.e., at the stroke of midnight—and is no longer enforceable after that. *See Ranbaxy Labs. Ltd. v. FDA*, 307 F. Supp. 2d 15, 19, 21 (D.D.C.) (recognizing that a patent expired at the "magic moment" of midnight on the day of expiration), *aff'd*, 96 F. App'x 1 (D.C. Cir. 2004). The '907 and '577 Patents, therefore, expired at midnight on the morning of October 27, 2014, and GIM can only recover damages in cases where it filed a complaint before midnight on October 27, 2020.

But GIM filed this Complaint against On TV on after midnight on October 27, 2020. Therefore, GIM is time barred from recovering damages on the '907 and '577 Patents under § 286 because those patents expired more than six years prior to GIM filing the Complaint.

## III. THE ASSERTED PATENTS CLAIM INELIGIBLE SUBJECT MATTER

Patentability under § 101 is a threshold legal issue. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010). Accordingly, the § 101 inquiry is properly raised at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718–19 (Fed. Cir. 2014) (Mayer, J., concurring). Abstract ideas are ineligible for patenting under § 101 absent an inventive concept that amounts to significantly more than the abstract idea. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014).

The Asserted Patents have the same specification. (Complaint at Exs. A–C.) The claims of the '907 Patent and '577 Patent recite methods "for providing recipients of a broadcast with automated information" about the broadcast. *See, e.g.*, '907 Patent at Claim 18. The claims of the '721 Patent recite methods for "identifying at least one broadcast identifier" through a "geographic identification code and a broadcast identifier." *See, e.g.*, '721 Patent. Each claim of the Asserted Patents is directed to the abstract idea of tailoring information based upon a customer's location. The '721 Patent is analyzed separately, however, because its claims are directed to a different component of the abstract idea when compared to the two other patents.

### A. The claims of the '721 Patent are patent-ineligible.

Claim 1 of the '721 Patent is representative of the '721 Patent's claims because they are all "substantially similar and linked to the same idea." *See Content Extraction &*



*Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (invalidating 242 claims after analyzing only two "representative claims" where the other claims were "substantially similar in that they recite little more than the same abstract idea").

Claim 1 is invalid under 35 U.S.C. § 101 because it claims nothing more than the abstract idea of tailoring information based upon a customer's location. "Tailoring content based on the viewer's location or address . . . is a fundamental practice long prevalent in our system." *Intellectual Ventures I LLC v. Capital One Bank*, 792 F.3d 1363, 1369 (Fed. Cir. 2015) (quotation omitted). The claims are drafted in broad, functional terms and recite no special computer hardware or software. "[E]ach step [of Claim 1] does no more than require a generic computer to perform generic computer functions." *Alice*, 573 U.S. at 225. The patent's prosecution history makes this clear—amending the '721 Patent's claims merely "to tie various features to a 'processor'" in order to overcome a pre-*Alice* § 101 rejection by the examiner. *See* Reply to Office Action of February 10, 2009, p. 11. Representative Claim 1 is not directed to a specific implementation, but rather to an abstract idea, and does not contain an inventive concept. The claims of the '721 Patent are therefore invalid as having attempted to claim patent-ineligible subject matter under § 101.

### B. The claims of the '907 and '577 Patents are ineligible.

Claim 18 of the '907 Patent is representative of the claims of the '907 and '577 Patents and also directed to the abstract idea of tailoring information based upon a customer's location. The '907 and '577 Patents are a classic case of limiting an abstract idea's field of use to a certain technological environment. *Affinity Labs of Texas, LLC v. DirecTV, LLC*, 838 F.3d 1253, 1258–59 (Fed. Cir. 2016) (claims relating to "wireless delivery of regional broadcast content to cellphones" were instances of "confin[ing] the abstract idea [of providing out-of-region access to regional broadcast content] to a particular technological environment—in this case, cellular telephones"). Here, representative Claim 18 is directed toward maintaining and searching databases and confined to the particular technological environment of broadcast information and does not contain an inventive concept. The '907 and '577 Patents' claims are thus ineligible under § 101. *See Contract Extraction*, 776 F.3d at 1346–47 (holding that claims directed to the abstract idea of data recognition and storage were ineligible).

### IV. CONCLUSION

For the foregoing reasons, On TV intends to request that the Court enter judgment on the pleadings for failure to state a claim upon which relief can be granted. To that end, On TV respectfully requests that the Court hold a pre-motion conference regarding On TV's motion.

Sincerely,

*Excylyn J. Hardin-Smith*

Excylyn J. Hardin-Smith
Associate