

*a professional corporation*

**Joshua E. Abraham**
212 374 5370
seal@butzel.com

Suite 1230   477 Madison Avenue
New York, NY 10022
**T:** 212 818 1110  **F:** 212 898 0123
**butzel.com**

January 11, 2021

Honorable John P. Cronan
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

Re:   **Parties' Discovery Proposals**
*Global Interactive Media, Inc. v. On TV Tonight Pty. Ltd.*,
Case No. 1:20-cv-08994-JPC

Dear Judge Cronan:

Pursuant to the January 4, 2021 Pretrial Conference, Plaintiff Global Interactive Media, Inc. ("GIM") and Defendant On TV Tonight Pty. Ltd. ("OTT") jointly submit their proposed discovery and briefing schedules related to OTT's anticipated dispositive motion on patent eligibility.

I.   Discovery Schedule on Eligibility

Only one point of disagreement exists with regard to the proposed discovery schedule.

***Defendant's Statement:***

Defendant OTT proposes the following:

January 25, 2021--Plaintiff to serve eligibility contentions that the asserted claims of the Asserted Patents recite inventive features under the second step of Alice and 35 U.S.C. § 101, including any factual allegations made in Plaintiff's Complaint that Plaintiff believes support its contentions. Plaintiff's contentions shall include a chart identifying each feature of each asserted claim that Plaintiff contends is inventive under the second step of Alice and 35 U.S.C. § 101 along with Plaintiff's factual and legal basis for its contention for each identified feature. For each identified feature, Plaintiff shall also identify any representative claim that the Court may evaluate regarding the identified feature. Along with its contentions, Plaintiff must produce or make available for inspection and copying all documents or other materials, including code, software or other electronic evidence, upon which Plaintiff

Ann Arbor   Bloomfield Hills   Detroit   Lansing   New York   Washington D.C.
*Alliance Offices*   Beijing   Shanghai   Mexico City   Monterrey   *Member Lex Mundi*   www.butzel.com

\\butzel.int\dfs\UserData\NewYork\gartner\Desktop\For Filing - Joint Letter re Discovery and Briefing Schedule.doc-1/11/21

The Honorable John P. Cronan
January 11, 2021

> may rely in support of its contention that a feature of the asserted claims is inventive under the second step of Alice and 35 U.S.C. § 101.

Defendant proposes that Plaintiff serve eligibility contentions to identify what specific factual issues must be resolved before proceeding to fact discovery. Defendant adapted this schedule from that ordered by the district court after the United States Supreme Court denied certiorari in *Cellspin Soft*. *Cellspin Soft, Inc. v. Fossil Grp., Inc.*, Case No. 4:17-cv-05933-YGR, ECF No. 164. (N.D. Cal. June 12, 2020).

The reason for requiring eligibility contentions is this: Eligibility under Section 101 is a legal issue, which <u>may</u> have underlying issues of fact. Plaintiff's Complaint does not make any specific allegations about how the asserted patents were directed to an inventive concept, or how they represented an improvement over the prior art. Because there are no specific factual allegations of record, this Court could go forward by ordering briefing and making a ruling on a motion to dismiss based solely on the pleadings. *See Epic IP LLC v. Backblaze, Inc.*, 351 F. Supp. 3d 733, 751 (D. Del. 2018) (Bryson, J.) ("With regard to the factual issues, . . . a plaintiff can[not] simply avoid dismissal simply by reciting in the complaint that the invention at issue is novel."). Plaintiff's conclusory statement in the Complaint that the ordered combination of steps was not well-understood, routine, or conventional is "not enough for eligibility." *SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1163 (Fed. Cir. 2018); *see also Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020).

Skipping a motion for judgment on the pleadings, and allowing limited discovery to address factual issues underlying the legal issue of eligibility, is only warranted if Plaintiff has good faith allegations of facts supporting eligibility. Thus, the proposed schedule requires this at the outset, as an alternative to requiring plaintiff to amend its pleadings to include those contentions. These contentions will define the scope of limited discovery period.

### *Plaintiff's Statement:*

Defendant's proposal is an improper attempt to shift the burden of proof to the Plaintiff. In any dispositive motion on eligibility, Defendant bears the burden of proving by clear and convincing evidence that the claims cover an abstract concept, lack a transformative step, or are otherwise "well-understood, routine, or conventional." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). Plaintiff's complaint properly alleges, *inter alia*, that the claims are not well-understood, routine, or conventional, Dkt. No. 1 at ¶ 8, thus requiring Defendant to prove that no genuine dispute of material fact exists. The fact that the Northern District of California may have shifted that burden in one case does not excuse Defendant from its burden here. Accordingly, Plaintiff GIM's proposal would eliminate this step in the discovery schedule. Alternatively, if the Court finds that an exchange of contentions would be proper at this stage, Plaintiff proposes applying it equally as follows:

> January 25, 2021—Both parties to serve eligibility contentions regarding whether the asserted claims of the Asserted Patents recite inventive features under the second step of Alice and 35 U.S.C. § 101, including any factual allegations that support its contentions. Along with its contentions, each party

The Honorable John P. Cronan
January 11, 2021

>must produce or make available for inspection and copying all documents or other materials, including code, software or other electronic evidence, upon which it may rely in support of its contentions.

The parties agree on the remaining discovery schedule as follows:

March 4, 2021--Close of all fact discovery regarding Section 101. Each side is limited to 5 interrogatories, including contention interrogatories, and 10 requests for production relating to Section 101 issues. The parties must meet and confer within three days of the close of fact discovery to identify any remaining fact issues and determine whether expert discovery is necessary. If no fact issues remain, the parties will enter the Briefing Schedule.

March 18, 2021—Plaintiff serves Expert Report(s) relating to Section 101, if any.

April 1, 2021—Defendant serves rebuttal expert report(s) relating to Section 101, if any.

April 10, 2021—Close of expert discovery relating to Section 101 issues.

## II. Briefing Schedule

The parties agree on the following briefing schedule:

[EITHER (a) Two weeks after close of fact discovery OR (b) to the extent any fact issues remain, two weeks after the close of expert discovery]—Deadline for Defendant to file a dispositive motion regarding the ineligibility of the claims of the Asserted Patents under 35 U.S.C. § 101 and the Plaintiff's inability to recover damages under 35 U.S.C. § 286.

[Two weeks after Defendant's dispositive motion]—Deadline for Plaintiff's response brief to Defendant's dispositive motion.

[One week after Plaintiff's response brief to Defendant's dispositive motion]—Deadline for Defendant's reply brief in support of Defendant's dispositive motion.


Respectfully submitted,


| By: *Excylyn J. Hardin-Smith* | By: *Joshua E. Abraham* |
|---|---|
| Excylyn J. Hardin-Smith | Joshua E. Abraham |
| New York Registration #4499208 | BUTZEL LONG, PC |
| 7 Times Square, 20th Floor | 477 Madison Avenue, Suite 1230 |
| New York, NY 10036 | New York, NY 10022 |
| (212) 765-5070 (Telephone) | Tel: (212) 374-5370 |
| Hardin-smith@fr.com | |

The Honorable John P. Cronan
January 11, 2021

| | |
|---|---|
| Neil J. McNabnay<br>mcnabnay@fr.com<br>Texas Bar No. 24002583<br>David B. Conrad, *pro hac vice* to be filed<br>conrad@fr.com<br>Texas Bar No. 24049042<br>Collin J. Marshall, *pro hac vice* to be filed<br>cmarshall@fr.com<br>Texas Bar No. 24109509<br>Sarika N. Patel, *pro hac vice* to be filed<br>patel@fr.com<br>Texas Bar No. 24073520<br><br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>(214) 747-5070 (Telephone)<br>(214) 747-2091 (Facsimile)<br><br><br>*Attorneys for Defendant On TV Tonight Pty. Ltd.* | Thomas G. Southard (*pro hac vice* to come)<br>Brian S. Seal (*pro hac vice* to come)<br>BUTZEL LONG, PC<br>1909 K. St., N.W., Suite 500<br>Washington, D.C. 20006<br>Tel: (202) 454-2800<br><br>*Attorneys for Plaintiff Global Interactive Media, Inc.* |